E-FILED
Monday, 12 March, 2018  04:53:20 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT B-1

FILED
Warren Co. Circuit Court
9th Judicial Circuit
Date: 11/17/2017 2:27 PM
Denise L. Schreck
2017-L-0006

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
WARREN COUNTY

| | |
|---|---|
| RAMON CEJA,  Plaintiff,  v.  FARMLAND FOODS, INC. & SMITHFIELD FARMLAND CORP.  Defendant. | CASE NO.   2017-L-0006 |

## COMPLAINT

Comes now Ramon Ceja and for his cause of action against Farmland Foods, Inc. and Smithfield Farmland Corp. states:

1. Ramon Ceja (Mr. Ceja) resides in Abington, Illinois and was employed by Farmland Foods, Inc. in Monmouth, Illinois, from approximately December 2, 2010 through April 1, 2011.

2. Farmland Foods, Inc. is owned by Smithfield Farmland Corp. a corporation with its principal place of business in Virginia. Smithfield and Farmland shall hereinafter be jointly referred to as "Farmland."

3. Mr. Ceja applied for work in October 2010. Shortly thereafter Farmland made a conditional job offer to Mr. Ceja, subject to a pre-employment physical.

4. As part of the pre-employment physical, Mr. Ceja filled out a questionnaire in which is was asked many questions about his medical history, including whether he had suffered a "Back or neck injury." Mr. Ceja responded, "No,"

that he had not suffered from such an injury.  He also reported that he took medication for Adult ADHD and hydrocodone, prn.

5. Mr. Ceja passed the pre-employment physical and drug test and Farmland offered him the position of Roundsman.  His official hire date was December 2, 2010.

6. Mr. Ceja worked as a Roundsman in the Monmouth plant checking gauges, electrical systems, monitoring refrigeration systems and other utility work as assigned.  If there were mechanical problems with the refrigeration or electrical systems, Mr. Ceja responded to questions and reported back to his supervisor.

7. The physical activity required for the Roundsman position was primarily walking throughout the plant.

8. Mr. Ceja was having no difficulty performing his duties and Farmland had no reason to believe he was have problems performing his job.

9. Mr. Ceja had a good employment record in the months he was employed.

10. On or about March 28, 2011, Farmland required Mr. Ceja to participate in a random employee drug test.

11. Mr. Ceja complied with the order and as part of the drug testing procedure disclosed that he was on two medications, one for Adult ADHD and hydrocodone.

12. Robert Pataczek, Farmland's medical department director, asked Mr. Ceja why he was taking the medications.

13.  Mr. Ceja responded that he had recently been diagnosed with degenerative disc disease.

14. Mr. Pataczek continued his medical interrogation, inquiring when Mr. Ceja began experiencing back pain and what kind of symptoms he had.

15. After Mr. Ceja responded to his questions, Mr. Pataczek and Mr. Patrick Anderson, Farmland Safety Director, demanded to see Mr. Ceja's medical records as a condition of Mr. Ceja retaining his employment.

16. Mr. Pataczek's questions about why Mr. Ceja was taking medication, when his symptoms began, the date of his diagnosis and the demand for his medical records sought information about whether Mr. Ceja had a disability and the nature and severity of a disability.

17. Farmland's inquiries of Mr. Ceja's back condition were not based on or justified by business necessity.

18. Farmland's inquiries about Mr. Ceja's back condition were broader than necessary.

19. Farmland's inquiries and demand for medical records constituted an improper medical inquiry and examination that violate the Americans with Disabilities Act.

20. Farmland's managers told Mr. Ceja that his back condition put him at risk of a workers' comp injury.

21. Mr. Anderson and Mr. Pataczek suspended Mr. Ceja until he produced his medical records.

22. Mr. Ceja returned to the plant several days later with his medical records that showed he had been treated for a muscle spasm in his back in 2009 that was related

to weight lifting. The records showed that he had received a one-time treatment of a muscle relaxant prescription and physical therapy. Mr. Ceja explained that he did not consider this a "back injury," and was a temporary ailment relating to weight lifting.

23. Farmland claimed that Mr. Ceja had provided false information on his medical questionnaire when he had denied having a previous back injury and terminated his employment.

24. Farmland's improper medical inquires and demand for Mr. Ceja's medical records are improper medical examinations under the Americans with Disabilities Act.

25. Farmland's termination of Mr. Ceja violates the Americans with Disabilities Act by discrimination against him on the basis of his disability, his record of having a disability, or because they regarded him as having a disability.

26. Mr. Ceja is a qualified individual with a disability, and he has a record of having a disability.

27. On information and belief, Farmland terminated or refused to hire between 12 and 23 other employees for reasons similar to those given for the termination of Mr. Ceja and in violation of the Americans with Disabilities Act.

28. Mr. Ceja has satisfied the administrative requirements necessary to bring this lawsuit, having timely filed a charge of discrimination with the Equal Employment Opportunity Commission, which found probable cause to believe that Farmland illegally discriminated against Mr. Ceja by subjecting him to improper medical examination and terminating his employment based on his disability, his record of having a disability, or because they regarded him as having a disability.

29. As a result of Farmland's discriminatory actions, Mr. Ceja has suffered damages including lost wages and benefits, mental anguish and attorney fees.

30. Farmland's actions toward Mr. Ceja were taken in reckless disregard for Mr. Ceja's federally protected rights and give rise to a claim for punitive damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this court for an award of damages to include lost wages and benefits, compensatory damages including mental anguish, punitive damages and attorney fees.

*/s/ Kelsey A.W. Marquard*
Kelsey A.W. Marquard, ARDC 6311205
O'Brien & Marquard, PLC
Attorneys & Counselors at Law
2322 E. Kimberly Rd., Suite 100E
Davenport, Iowa 52807
Telephone: (563) 355-6060
Facsimile: (563) 355-6666
Email: kawm@emprights.com

ATTORNEYS FOR PLAINTIFF

# EXHIBIT B-2

FILED
Warren Co. Circuit Court
9th Judicial Circuit
Date: 2/9/2018 3:46 PM
Denise L. Schreck
2017L6

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
WARREN COUNTY

| | |
|---|---|
| RAMON CEJA,<br><br>            Plaintiff,<br>v.<br><br>FARMLAND FOODS, INC. &<br>SMITHFIELD FARMLAND CORP.<br><br>            Defendant. | CASE NO. 2017-L-0006<br><br>WAIVER OF SERVICE OF SUMMONS |

TO:    Ms. Sheri Caldwell
       HUNTON & WLLIAMS LLP
       1445 Ross Avenue, Suite 3700
       Dallas. TX 75202-2799
       scaldwell@hunton.com Email

The enclosed summons and complaint are served pursuant to section 2-213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within __30__ days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within __30__ days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within __60__ days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgement of receipt of summons and complain will have been emailed on February 7, 2018.

Signature _____

Date of Signature  2-7-18

ACKNOWLEDGEMENT OF RECIEPT OF SUMMONS AND COMPLANT

I declare, under penalty of perjury, that I have received a copy of the summons and of the complaint in the above-captioned matter at scaldwell@hunton.com.

PRINT or TYPE Name ___ Sheri Caldwell, HUNTON WILLIAMS LLP

Relation to Entity/Authority to Receive Service of Process

Attorneys for Defendants Farmland Foods, Inc, and Smithfield Farmland Corp.

Signature _____

Date of Signature  2/7/18